```
------------------------------------------------- X
ALI MOORE,

        Plaintiff,

    -against-

CITY OF NEW YORK  DOES, NEW YORK
POLICE DEPARTMENT IN A
COLLECTIVE CAPACITY, NEW YORK
CITY POLICE OFFICERS DOES IN
COLLECTIVE CAPACITY, THE BREAKFAST CLUB (iHeartRadio),
IHEARTMEDIA, INC.,
CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT (NYPD) DOES,
CENTRAL INTELLIGENCE AGENCY (CIA) DOES,
,
        Defendants.,.
------------------------------------------- --------- -------------- X
```

**DOCKET NO.:**

JMC 25-CV-2240

**FOURTEENTH AMENDED COMPLAINT**

FILED _____ ENTERED
LOGGED _____ RECEIVED

JUL 10 2025

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____

Night Drop  DEPUTY

**(LGS)**

**FIRST AMENDED, FOURTH AMENDED EIGHT AMENDED,**

Defendants.

**Bench Trial DEMANDED**

**FEDERAL QUESTION/DIVERSITY CITIZ**

Civil Action No.: [To be assigned]

COMPLAINT
Bench Trial Demanded

# PRELIMINARY STATEMENT

1. Plaintiff Ali Moore ("Plaintiff") brings this civil rights action against Defendants The Breakfast Club (a program under iHeartRadio), iHeartMedia, Inc., the City of New York, the New York City Police Department (NYPD), and the Central Intelligence Agency (CIA) for their coordinated and unlawful actions on or about January 17, 2020, which violated Plaintiff's constitutional rights and federal civil rights laws.

2. Defendants conspired and collaborated to harass, intimidate, and unlawfully deprive Plaintiff of rights guaranteed under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as federal statutes including the Civil Rights Act of 1866, the Civil Rights Act of 1871 (Ku Klux Klan Act), and the Civil Rights Act of 1964.

3. These violations included unlawful surveillance, public defamation, harassment, and exploitation of Plaintiff across state lines, with the wrongful conduct discovered by Plaintiff in the State of Maryland between March 6, 2025, and March 11, 2025.

4. Plaintiff seeks compensatory and punitive damages, injunctive relief, attorney's fees, and all other relief the Court deems just and proper.

# JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, and 1988.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants maintain offices and conduct business here.

# PARTIES

7. Plaintiff Ali Moore is a resident of Baltimore, Maryland, and formerly resided in New York City.

9. Defendant iHeartMedia, Inc. is a Delaware corporation with principal offices in San Antonio, Texas, operating iHeartRadio and its programming, including The Breakfast Club.

10. Defendant City of New York is a municipal corporation organized under the laws of New York State.

11. Defendant New York City Police Department (NYPD) is a municipal law enforcement agency operating under the City of New York.

12. Defendant Central Intelligence Agency (CIA) is a federal agency headquartered in McLean, Virginia.

13. The "Does" defendants include unidentified officers, agents, employees, or contractors of the NYPD, CIA, or other federal strike forces who participated in the unlawful conduct alleged herein.

## FACTUAL ALLEGATIONS

### A. Collaboration and Conspiracy to Violate Plaintiff's Rights

14. On or about January 17, 2020, Defendants The Breakfast Club and iHeartRadio, in coordination with the NYPD and possibly the CIA, engaged in a coordinated campaign targeting Plaintiff.

15. This campaign involved unlawful surveillance, public defamation through media broadcasts, harassment, and intimidation designed to damage Plaintiff's reputation and mental well-being.

16. Defendants exploited media platforms and law enforcement powers across state lines, including in Maryland, where Plaintiff currently resides.

17. Defendants acted under color of state and federal law, abusing their authority to deprive Plaintiff of constitutional protections.

### B. Violations of Civil Rights Statutes and Constitutional Amendments

18. Defendants' actions violated Plaintiff's rights under:
- The First Amendment (freedom of speech and expression)
- The Fourth Amendment (protection against unreasonable searches and seizures)
- The Fifth Amendment (due process)
- The Eighth Amendment (prohibition of cruel and unusual punishment)
- The Fourteenth Amendment (equal protection and due process)

19. Defendants violated the Civil Rights Act of 1866, the Civil Rights Act of 1871 (Ku Klux Klan Act), and the Civil Rights Act of 1964 by conspiring to deprive Plaintiff of federally protected

rights.
20. Defendants' conduct constitutes a violation of 42 U.S.C. §§ 1983 and 1985, which prohibit deprivation of rights under color of law and conspiracies to interfere with civil rights.

## C. Harm to Plaintiff

21. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered:
- Severe emotional distress and mental anguish
- Injury to reputation and good name
- Loss of privacy and security
- Other compensable damages

## CLAIMS FOR RELIEF

Count I: Violation of 42 U.S.C. § 1983 – Deprivation of Constitutional Rights
Count II: Violation of 42 U.S.C. § 1985 – Conspiracy to Interfere with Civil Rights
Count III: Violation of the Civil Rights Act of 1871 (Ku Klux Klan Act)
Count IV: Intentional Infliction of Emotional Distress
Count V: Negligence and Gross Negligence
Count VI: Municipal Liability (City of New York and NYPD)
Count VII: Respondeat Superior Liability
Count VIII: Violation of New York State Constitution (where applicable)
Count IX: Violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
A. Award compensatory damages in an amount to be determined at trial;
B. Award punitive damages against Defendants in an amount sufficient to punish and deter;
C. Award costs of suit, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988;
D. Grant injunctive relief prohibiting Defendants from further violations of Plaintiff's rights;
E. Order such other and further relief as the Court deems just and proper.

2 Trillion

## DEMAND FOR BENCH TRIAL

Plaintiff demands a bench trial of all causes of action so triable.
Dated: July 9, 2025
Baltimore, Maryland
Respectfully submitted,
Ali Moore
2506 Overland Avenue
Baltimore, Maryland
Tel: 917-821-4909